```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

CHRISTOPHER ALLEN BUSH,         :

    Petitioner,                 :

v.                              :
                                           CIVIL ACTION 07-166-CB-M

KENNY JONES,                    :

    Respondent.                 :


                    REPORT AND RECOMMENDATION

      This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  This action is now ready for consideration.  The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required.  It is recommended that the habeas petition be denied and that this action be dismissed.

      Petitioner was convicted of capital murder in the Circuit Court of Baldwin County on April 12, 2002 for which he received a sentence of life without parole in the state penitentiary (Doc. 1).  Appeal was made to the Alabama Court of Criminal Appeals which affirmed the conviction and sentence (Doc. 10, Exhibit 1E). Bush's application for rehearing was overruled (Doc. 10, Exhibit 1G).  On August 15, 2003, the Alabama Supreme Court denied Petitioner's writ of *certiorari* (Doc. 10, Exhibit 1I); on that same date, the Alabama Court of Criminal Appeals entered a

certificate of judgment in the case (Doc. 10, Exhibit 1J).

Petitioner filed a State Rule 32 petition, challenging his conviction, which was denied (Doc. 10, Exhibit 2A, p. 46).  On appeal, the Alabama Court of Criminal Appeals affirmed the denial in a memorandum opinion (Doc. 10, Exhibit 2E); that same Court overruled Bush's application for rehearing (Doc. 10, Exhibit 2G). The Alabama Supreme Court denied Petitioner's writ of *certiorari* on February 9, 2007 (Doc. 10, Exhibit 2I); on that same date, the Alabama Court of Criminal Appeals entered judgment in the case (Doc. 10, Exhibit 2J).

Petitioner filed a complaint with this Court on March 5, 2007, raising the following claims:  The trial court was without jurisdiction to render judgment and impose the sentence against him because under Ala. Code § 13A-5-42, the court must (1) give the petit jury more than one verdict form and (2) charge the petit jury on the definition of reasonable doubt, burden of proof, and the presumption of innocence (Doc. 1, p. 14). Respondent has Answered the Petition by asserting that these claims are procedurally defaulted (Doc. 10, pp. 7-10). Specifically, Respondent asserts that although Petitioner raised these claims in his Rule 32 petition, they were abandoned at the evidentiary hearing.

A United States Supreme Court decision, *Harris v. Reed*, 489 U.S. 255 (1989), has discussed procedural default and stated that "a procedural default does not bar consideration of a federal

2

claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris*, 489 U.S. at 263, *citing Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985), *quoting Michigan v. Long*, 463 U.S. 1032, 1041 (1983).  The Court further notes the decisions of *Coleman v. Thompson*, 501 U.S. 722 (1991) and *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991), which held that a determination by a state appellate court affirming, without written opinion, a lower court's reasoned determination that a claimant is barred procedurally from raising certain claims in that state's courts satisfied the rule of *Harris*.

The evidence of record shows that the Alabama Court of Criminal Appeals, on the appeal of the denial of the Rule 32 petition, held that the second claim had been abandoned at the evidentiary hearing and was, therefore, precluded at the appellate level (Doc. 10, Exhibit 2E, p. 3).  The Court went on to hold that both claims were "precluded by Rule 32.2(a)(3) and (a)(5), because they could have been, but were not, raised at trial or on appeal" (*id.*).[1]  These claims are procedurally

---

[1] "A petitioner will not be given relief under this rule based upon any ground . . . [w]hich could have been but was not raised at trial, unless the ground for relief arises under Rule 32.1(b)." Ala.R.Crim.P. 32.2(a)(3).
   "A petitioner will not be given relief under this rule based upon any ground . . . [w]hich could have been but was not raised on appeal."  Ala.R.Crim.P. 32.2(a)(5).

defaulted under *Harris*.

However, where the state courts have found claims of a petitioner to be procedurally defaulted and those courts have refused to address the merits of those claims, as is the case here, all chance of federal review is not precluded. The Eleventh Circuit Court of Appeals, in addressing the review of these claims, has stated the following:

> Under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) and its progeny, noncompliance with a state procedural rule generally precludes federal habeas corpus review of all claims as to which noncompliance with the procedural rule is an adequate ground under state law to deny review. If a petitioner can demonstrate both cause for his noncompliance and actual prejudice resulting therefrom, however, a federal court can review his claims.

*Booker v. Wainwright*, 764 F.2d 1371, 1376 (11th Cir.) (citations omitted), *cert. denied*, 474 U.S. 975 (1985). A claimant can also avoid the procedural default bar if it can be shown that a failure to consider the claims will result in a fundamental miscarriage of justice. *Engle v. Isaac*, 456 U.S. 107, 135 (1982); *see also Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Bush has argued that he had ineffective assistance of counsel at the evidentiary hearing for his Rule 32 petition (Doc. 12). The Court notes that there is no constitutional right to counsel on collateral review of a conviction, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), so there is no right to

4

effective assistance of counsel on collateral review, *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982), and such ineffective assistance does not excuse procedural default.  *Toles v. Jones*, 888 F.2d 95, 99-100 (11th Cir. 1989), *cert. denied*, 506 U.S. 834 (1992); *Coleman v. Thompson*, 501 U.S. 722, 752 (1991).

In this action, Petitioner has demonstrated neither cause nor prejudice for failing to raise these two claims in a timely manner in the State courts.  Furthermore, Bush has not shown that this Court's failure to discuss the merit of these two claims will result in a fundamental miscarriage of justice being visited upon him.  Therefore, the Court considers these two claims to be procedurally defaulted and the Court will not address their merit.

As Petitioner has raised only two claims in this action, both of which have been found to be procedurally defaulted, the Court recommends that this habeas petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent Kenny Jones and against Petitioner Christopher Allen Bush.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate

judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **<u>Transcript (applicable where proceedings tape recorded)</u>**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 4th day of September, 2007.

<u>s/BERT W. MILLING, JR.</u>
UNITED STATES MAGISTRATE JUDGE
